UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CINDY NG,                                     :

             Plaintiff,      :

             v.              :   1:20-cv-04315-AKH

                             :
VARONIS SYSTEMS, INC., SARAH
HOSPELHORN, and ROB SOBERS,                   :

             Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## CONFIDENTIALITY STIPULATION AND ORDER

The undersigned counsel for Plaintiff Cindy Ng ("Plaintiff") and Defendant Varonis Systems, Inc. ("Defendant") stipulate and agree that discovery in the above-entitled action ("Action") may involve the production of information that the Parties may consider to be sensitive, confidential, personal, proprietary, and/or protected by law, including but not limited to the Health Insurance Portability and Accountability Act of 1996 and updated through HIPAA Omnibus Rule of 2013 ("HIPAA"), as well as under statutory or other legal privileges. The term "Action" includes all applicable appeals. Accordingly, the Parties and their undersigned counsel agree as follows:

      1. "Confidential Information" shall mean and refer to all documents, responses to document or information requests, information on magnetic media, computer tapes, computer disks, hard copies or printouts derived from computer tapes or computer disks, or individual portions thereof, or other information which a

Party designates "CONFIDENTIAL" at the time of its disclosure, in the manner set forth in this stipulation, and which that Party alleges includes bona fide personal, medical, proprietary or otherwise sensitive information, including but not limited to trade secrets, confidential research, non-public financial information, "non-public personal information" or "confidential health information" (as defined in HIPAA and/or any other applicable state or federal law or regulation concerning confidential health information), medical records and/or private personal information. The Parties may further designate certain "confidential" materials or testimony of a highly confidential nature as "ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material refers to confidential materials that has a likelihood of causing competitive harm to the producing Party if disclosed to persons other than those identified in paragraph 6. This Stipulation Regarding Confidential Information ("Stipulation") will not apply to documents or other materials that the Parties have obtained through sources other than the Providing Party (as defined herein).

2. In the event that any Party inadvertently discloses or produces any document that is privileged, non-responsive, or otherwise exempt from disclosure or production, it shall not constitute a waiver of any and all privileges applicable to that or any other document. Any party who realizes that an inadvertent disclosure has occurred must immediately notify, in writing, all other Parties of the inadvertent disclosure. Once such notification is given, the Party receiving notice must take steps to ensure inadvertently produced or disclosed documents are not disclosed to

any person or used for any reason without prior approval and consent of the Court. Any Party seeking the approval and consent of the Court for disclosure or use of such documents shall follow the procedures set forth in paragraph 10.

3. Documents deemed confidential shall be so designated by clearly marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page thereof.

4. The inadvertent failure to designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. It shall not be deemed a violation of the Stipulation to have disclosed information not designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that is subsequently so designated if disclosure was made prior to such designation. Any failure of the Parties to designate a document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver of any claim of confidentiality that the Parties would otherwise be entitled to invoke against a non-party to this Action.

5. Confidential Information, copies thereof, information contained therein and any notes, abstracts, summaries, analyses or reports pertaining thereto may be inspected by or revealed to only the following "Qualified Persons":

    a. Parties to this Action and any officer, director, employee, trustee, partner or in-house legal personnel for a Party who is responsible for assisting counsel in the Action;

b. Outside counsel and in-house counsel for the Parties in this Action, including regular employees who provide assistance for purposes of discovery, litigation, preparation for trial, and/or trial of this Action as a part of their regular job duties.

c. Any expert retained or consulted by a Party for the purpose of obtaining such expert's advice or opinion regarding issues in the Action, but only to the extent necessary for the expert to provide such advice or opinion and provided the expert has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

d. Witnesses who may testify in the Action, provided that the material disclosed is directly related to the subject of their testimony and provided the witness has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

e. Any other person who is designated a Qualified Person by order of this Court or further agreement of the Parties;

f. The Court and any personnel necessary to facilitate the Action, including, but not limited to: stenographic reporters and clerical and/or administrative personnel; and

g. Any other person to whom the Parties agree in writing and provided the witness has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

6. Attorneys' Eyes Only Material may be inspected by or revealed to only the following Qualified Persons:

a. Outside counsel and in-house counsel for the Parties in the Action, including regular employees of counsel who provide assistance for purposes of discovery, litigation, preparation for trial, and/or trial of this of this Action as a part of their regular job duties.

b. The Court and any personnel necessary to facilitate the instant Action, including, but not limited to: stenographic reporters and clerical and/or administrative personnel; and

c. Any expert retained or consulted by a Party for the purpose of obtaining such expert's advice or opinion regarding issues in the Action, but only to the extent necessary for the expert to provide such advice or opinion and provided the expert has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

7. All Confidential Information and Attorneys' Eyes Only Material shall be used solely for purposes of this Action.

8. Any document production that may contain "non-public personal information" or "confidential health information" (as defined in HIPAA and/or other applicable state or federal law or regulation concerning confidential health information) may be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" or "MAY CONTAIN CONFIDENTIAL HEALTH INFORMATION" as applicable. If a producing party encrypts or "locks" the production, the producing party shall simultaneously send, under separate cover, an explanation of how to decrypt the files. The producing party may also redact any non-relevant information protected by HIPAA and shall label any such redaction as "CONFIDENTIAL HEALTH INFORMATION" or "CHI". The producing party will produce a redaction log identifying the basis for all redactions.

9. In the event that a Qualified Person is requested to produce Confidential or Attorneys' Eyes Only Material, outside of the Action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition or other form of discovery, the Qualified Person will notify the

producing party and provide the producing party with a reasonable opportunity to object or file a motion to quash prior to disclosure of any Confidential Material.  In the event that a Qualified Person receives a request to produce any Confidential Information or Attorneys' Eyes Only Material, or if a Qualified Person is served with a motion to compel production of documents or information or a subpoena (in the event that the subpoena may not be objected to) that demands the disclosure of such material, they will immediately notify the Party who provided the subject information (the "Providing Party") of the request, demand, motion, or subpoena.  The Qualified Person will allow the Providing Party thirty (30) days, or the maximum amount of time available, to contest its disclosure.  The Qualified Person will use reasonable efforts to obtain assurances that confidential treatment will be accorded to such information; provided, however, that all legal fees and costs and any other expense incurred in connection with such efforts shall be paid by the Providing Party making such a request.

10. Information shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only upon a good-faith belief that the information falls within the scope of information subject to protection, under the definition set forth above.

11. A party objecting to the designation of a document, information, or testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall so notify the other Party in writing setting forth with specificity the information that he or she contends is not confidential and attempt to resolve the dispute.  If this attempt is

not successful, the objecting Party may file an application with the Court for ruling that the document, information, or testimony not be treated as "CONFIDENTIAL." The burden of establishing the legitimacy of the confidential designation, shall at all times remain on the producing party. Except as provided above, until the Court enters an order, if any, changing the designation of the document or testimony, it shall be given the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" treatment initially assigned to it and provided for in this Stipulation.

12. All Qualified Persons shall be informed prior to disclosure of any Confidential Information or Attorneys' Eyes Only Material, of the nature and scope of this Stipulation, and his or her obligations under this Stipulation. No person receiving Confidential Information or Attorneys' Eyes Only Material shall disclose it to any person other than those described in paragraphs 5 and 6 and for the purposes specified in this Stipulation, and in no event shall such person make any other use of such "Confidential" or "Attorneys' Eyes Only" Material.

13. Copies of all executed Agreements to Maintain Confidentiality shall be maintained by counsel.

14. Any party may seek to modify, expand, cancel or supersede this agreement by stipulation of the Parties or by motion on notice and the Court shall give no weight to the terms of this Stipulation in considering the proposed amendment or other relief. Nothing herein shall:

a. operate as an admission by any Party that any particular discovery material contains or reflects trade secrets, nonpublic proprietary or commercial information or other confidential matters;

b. prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

c. prejudice in any way the rights of a Party to seek a Court determination:

   i) whether particular discovery materials shall be produced; or

   ii) if produced, whether such material should be subject to the terms of this Stipulation;

d. prejudice in any way the rights of a Party to apply to the Court for a further protective order relating to any Confidential Information or Attorneys' Eyes Only Material;

e. prejudice in any way the right of a Party to seek relief from a provision of this Stipulation; or

f. operate as a waiver of the Parties rights under New York law.

15. All documents, transcripts, magnetic media, or portions thereof, as well as any copies, designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Stipulation shall be returned to the producing Party within forty-five (45) days of the conclusion of this Action, or at the option of counsel, destroyed (and certified by affidavit as having been destroyed). All databases and similar compilations of information shall be destroyed and such destruction shall be certified to by counsel for the obtaining Party and by Qualified Persons identified in paragraphs 5 and 6 above. In accordance with and for the period proscribed by professional obligations,

Counsel is permitted to maintain a working file that contains "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials.

16. This Stipulation shall be effective immediately and shall survive the conclusion of this Action. The Court shall retain jurisdiction to enforce the terms of this Stipulation for so long as it remains in force.

17. This stipulation may be signed in counterparts, and PDF, electronic and facsimile signatures shall be deemed originals herein.

Dated: New York, New York
April 20, 2021

| | |
|---|---|
| BALLON, STOLL, BADER AND NADLER | PADUANO & WEINTRAUB LLP |
| s/Marshall Bellovin | /s/ Kerry A. Burns |
| Marshall Bellovin, Esq. | Kerry A. Burns, Esq. |
| Monika Olowska, Esq. | Meredith Cavallaro, Esq. |
| 729 Seventh Avenue | 1251 Avenue of the Americas |
| 17th Floor | Ninth Floor |
| New York, New York 10019 | New York, New York 10020 |
| (212) 575-7900 | (212) 785-9100 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

SO ORDERED SUBJECT TO
RULE OF PRACTICE IV:

/s/ Hon. Alvin K. Hellerstein
Hon. Alvin K. Hellerstein

Dated: April 28, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CINDY NG,                                :

               Plaintiff,     :

                   v.              :

                              :

VARONIS SYSTEMS, INC., SARAH
HOSPELHORN, and ROB SOBERS,   :

               Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1:20-cv-04315-AKH

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

The undersigned hereby acknowledges and says:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Stipulation ("the Stipulation") dated _____, 2021 in the above-styled Action; that I have been given a copy of and have read the Stipulation, and that I hereby agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Stipulation, is a prerequisite to my review of any produced materials, as defined in the Stipulation.

I further agree that I shall not disclose to others, except in accordance with the Stipulation, such information or documents, including notes or other memoranda or writings regarding information contained therein, and that such information or documents shall be used only for the purposes authorized by the

Stipulation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this action.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Stipulation, I may be subject to sanctions, including contempt, for such a failure.

I further agree to be subject to the jurisdiction of the Court in any proceeding to enforce this Stipulation.


Dated: _____

                                              By: _____

                                              Printed Name: _____

Subscribed and sworn to before me

this ____ day of _____

_____
Notary Public